# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Sean Gaston Atwood, AIS # 266226, | ) ) ) |
| Petitioner, | ) ) |
| v. | )  Civil Action No. 12-00767-WS-N |
| Cynthia White, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner Sean Gaston Atwood, a state prisoner presently in the custody of the respondent, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (Doc. 1). The respondent, through the Attorney General of Alabama, has responded (Doc. 21). And Atwood has filed a reply in support of his petition. This matter is now before the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rule Governing Section 2254 Cases, and Local Rule 72.2(c)(4). And, for all the reasons discussed below, it is **RECOMMENDED** that Atwood's petition be **DENIED** and that the Court find that Atwood is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

## I. Applicable Background

Atwood presents a single ground in his petition: that his state court convictions—for unlawful manufacturing of a controlled substance in the first degree, in violation of Ala. Code. § 13A-12-218; and possession of a precursor

chemical, in violation of Ala. Code § 20-2-190(b), entered after Atwood pleaded guilty—were "obtained in violation of the right to be free from unreasonable searches and seizures of the Fourth Amendment to the United States Constitution." (Doc. 1 at 6.)

In Mobile County Circuit Court, Atwood entered his guilty pleas only after his efforts to suppress evidence collected subsequent to a traffic stop were unsuccessful. Importantly, his motion to suppress was denied only after a full hearing before Circuit Judge Robert H. Smith, and the guilty pleas were entered with the reservation of the right to appeal the denial of the suppression motion. (*Compare* Doc. 21-1, transcript, at 45-129 (suppression hearing), *with id.* at 129-142 (guilty plea colloquy and sentencing).[1])

Atwood appealed directly to the Alabama Court of Criminal Appeals, arguing (1) that the evidence taken from his pocket was due to be suppressed; (2) that his subsequent arrest was unlawful because it was based on evidence seized during an unlawful search; and (3) any evidence obtained during the arrest was also due to be suppressed. (*See* Doc. 21-4, unpublished mem. op., at 3.) That court affirmed the Circuit Court's denial of the suppression motion in an unpublished, seven-page memorandum opinion (Doc. 21-4).

The Court of Criminal Appeals subsequently overruled Atwood's application for a rehearing, and the Supreme Court of Alabama has both denied his petition for

---

[1] Atwood was sentenced as a habitual felony offender to concurrent terms of life imprisonment, for the manufacturing conviction, and twenty years imprisonment, for the possession-of-precursor-chemicals conviction.

writ of certiorari and entered its certificate of judgment. (*See* Docs. 21-5, 21-6, 21-7, 21-8, 21-9.) Atwood has not filed a petition for post-conviction relief in the state courts, pursuant to Rule 32, Alabama Rules of Criminal Procedure. (*See* Doc. 1 at 10-11.)

## II. Analysis

While Atwood urges this Court to supplant the decision of the Circuit Court of Mobile County, already affirmed by the Alabama Court of Criminal Appeals (*see generally* Doc. 1-1), he has not explained how, in light of *Stone v. Powell*, 428 U.S. 465 (1976), this Court may even ***consider*** his Fourth Amendment arguments.[2]

> In *Stone*, the Supreme Court narrowly delineated the scope of review over Fourth Amendment claims in federal habeas corpus actions brought under 28 U.S.C. § 2254. The Court held in that case that:
>
>> where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.
>
> 428 U.S. at 494; *see Peoples v. Campbell*, 377 F.3d 1208, 1224-26 (11th Cir. 2004) (holding that *Stone* precluded consideration on habeas review of claim alleging arrest lacked probable cause); *Bradley v. Nagle*, 212 F.3d 559, 564 (11th Cir. 2000) (holding that *Stone* precluded consideration of claim alleging an invalid search).

*Mason v. Allen*, 605 F.3d 1114, 1120 (11th Cir. 2010) (internal citation modified); *see also Smith v. Thomas*, Civil Action No. 05–0474–CG–M, 2013 WL 5446032, at *8 n.6 (S.D. Ala. Sept. 30, 2013) ("Federal courts are not permitted to conduct a post-

---

[2] That *Stone* precludes Atwood's sole claim for collateral relief in this Court is, rightfully, the State's sole reason in opposition. (*See* Doc. 21 at 4-5.) Below, the undersigned will address Atwood's argument, made on reply, that, given "the record before this Court" (Doc. 22 at 2-3), *Stone* does not apply.

3

conviction review of Fourth Amendment claims where state courts have provided an opportunity for full and fair litigation of those claims." (citing *Stone*, 428 U.S. at 494; *Bradley*, 212 F.3d at 564)).

Thus, "[i]n order to review [Atwood's] Fourth Amendment claim(s), this Court need conclude that petitioner 'did not have a full and fair opportunity to litigate his claim in a state court proceeding.'" *Craig v. State*, No. CA 00–0234–BH–C, 2000 WL 1562851, at *2 (S.D. Ala. Sept. 26, 2000) (quoting *Mincey v. Head*, 206 F.3d 1106, 1125 (11th Cir. 2000); citations omitted). Importantly, "[f]ull and fair consideration in the Fourth Amendment context is different depending upon whether the facts are disputed or undisputed.

> For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful review by a higher state court. Where, however, the facts are undisputed, and there is nothing to be served by ordering a new evidentiary hearing, the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendant's Fourth Amendment claims.

*Id.* (quoting *Mincey*, 206 F.3d at 1126 (in turn quoting *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990) (in turn quoting *Morgan v. Estelle*, 588 F.2d 934, 941 (5th Cir. 1979)[3]))).

In *Bradley*, the Eleventh Circuit noted that its "predecessor"—the former

---

[3] It should be noted that—the importance of which will become apparent below—the Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

Fifth Circuit—has held that 'full and fair consideration' in the context of the Fourth Amendment includes 'at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute.'" 212 F.3d at 565 (quoting *Caver v. Alabama*, 577 F.2d 1188, 1191 (5th Cir. 1978) (footnote omitted)). In turn, the former Fifth Circuit based its decision in *Carver* on an earlier decision, *O'Berry v. Wainwright*, 546 F.2d 1204 (5th Cir. 1977). *See* 577 F.2d at 1192 (citing 546 F.2d at 1213; *Sosa v. United States*, 550 F.2d 244, 249 & n.4 (5th Cir. 1977)). In setting out the rule still followed by courts in this Circuit today, *O'Berry* provided the following rationale for distinguishing between cases in which facts are in dispute and those in which they are undisputed:

> Such a distinction makes practical sense because it ensures that a criminal defendant is given a full hearing on his Fourth Amendment claims and the facts underlying those claims at least once at the state level, but it does not require the State to hold evidentiary hearings which would be useless and inefficient. This distinction is consistent also with the rationales underlying both *Townsend*[ *v. Sain*, 372 U.S. 293 (1963)] and *Stone*. . . . *Townsend*'s major concern was with evidentiary hearings and the distinction we provide today preserves and protects that concern. The distinction is consistent with *Stone* because it protects and furthers the federal-state court harmony deemed so important in *Stone* while ensuring the fullest possible state court consideration of Fourth Amendment claims consistent with efficiency and the avoidance of wasted judicial time and effort.

546 F.2d at 1213 (footnote omitted).

Here, on reply, Atwood contends that that "there are facts in dispute and[, thus,] he did not have a full and fair consideration of his claim in the state trial court." (Doc. 22 at 3.) This is so, according to Atwood, because

> the trial court failed to make a factual finding in it's [sic] order as to

5

whether his consent to search was given freely and voluntarily and [because] that Court made no explicit findings in it's [sic] order as to whether he was in custody at the time he gave consent. The trial court also failed to make a factual finding as to whether Parmenters [sic] deposition or trial testimony should be believed.

(*Id.*)

True, Judge Smith did not make explicit factual findings at the conclusion of the suppression hearing. (*See* Doc. 21-1 at 129 (" . . . I think the totality of all of these circumstances would be that the search was good and the Court is going to deny the Motion to Suppress.").)

And, based on his argument, it appears that Atwood has read *Tukes v. Dugger*, 911 F.2d 508 (11th Cir. 1990).[4] But in *Tukes*, the Eleventh Circuit found the § 2254 petitioner failed to receive full and fair consideration in the state courts **_because_** the trial court failed to make, or make explicit, certain factual findings **_and_** the state appellate court issued only a summary affirmance. *See id.* ("The trial court's failure to make explicit findings on matters essential to the fourth amendment issue, **_combined with_** the fact that the state appellate court issued only a summary affirmance, precludes a conclusion in this case that the state provided the meaningful appellate review necessary to erect a *Stone v. Powell* bar to

---

[4]	*Compare* Doc. 22 at 3 ("[T]he trial court failed to make a factual finding in it's [sic] order as to whether his consent to search was given freely and voluntarily and [because] that Court made no explicit findings in it's [sic] order as to whether he was in custody at the time he gave consent. ***The trial court also failed to make a factual finding as to whether Parmenters [sic] deposition or trial testimony should be believed.***"), *with Tukes*, 911 F.2d at 514 ("The trial court . . . made no explicit findings as to whether Tukes was in custody at the time he gave his consent . . . . ***The state trial court also failed to make a factual finding as to whether Parmenter's deposition or trial testimony should be believed.***") (emphases added).

6

[federal] review of the claim." (citing *O'Berry*, 546 F.2d at 1213; *Morgan*, 588 F.2d at 941) (emphasis added)); *see also Hearn v. Florida*, 326 Fed. App'x 519, 522 (11th Cir. May 6, 2009) (per curiam) ("summary denial of Hearn's motion to suppress, ***coupled with*** a summary affirmance by the Florida appellate court, was 'insufficient to deny [Hearn] consideration of the merits of his constitutional claim on federal habeas corpus review'" (quoting *Tukes*, 911 F.2d at 514) (emphasis added)).

In this case, however, the Alabama Court of Criminal Appeals did more than merely summarily affirm Judge Smith's denial of Atwood's suppression motion. It instead issued a seven-page memorandum opinion (Doc. 21-4). Moreover, Atwood does not argue that the appellate court failed to make explicit factual findings. He instead seems to takes issue with the correctness of those findings:

> The Alabama Court of Criminal Appeals affirmed his conviction, holding that there was reasonable suspicion fro the deputies to believe that Atwood was involved in criminal activity. <u>Even though the Deputies stated that they did not believe Atwood was in anyway involved with the property they were searching</u>. Therefore the deputies did not violate Atwood's Fourth Amendment rights when they initiated the investigatory stop.

(Doc. 22 at 3 (emphasis in original).)

However, ***even if*** this Court disagreed with the Alabama Court of Criminal Appeals' Fourth Amendment conclusion, as long as "the proceedings conducted by the state trial and appellate courts . . . constitute a full and fair opportunity to litigate [Atwood's] Fourth Amendment claim[,]" this Court is precluded from reviewing that court's decision. *Rainey v. Thigpen*, No. CV 91–PT–1680–NE, 1992 WL 549133, at *1 (N.D. Ala. Apr. 6, 1992) ("In the context of *Stone v. Powell*, the

7

reference to *Townsend v. Sain* apparently means that findings of fact, either explicit or implicit, made by the state trial court can be challenged only to the extent that they are not fairly supported by the record. There is nothing in *Stone v. Powell* that indicates that a federal habeas corpus court may review a Fourth Amendment claim where the facts have been fairly, fully, and adequately litigated, but where the court disagrees with the ultimate legal conclusion reached by the state court. The rule in *Stone v. Powell* can be avoided only if the proceedings conducted by the state trial and appellate courts fail to constitute a full and fair opportunity to litigate the Fourth Amendment claim.")).

*Rainey* also explicitly addresses the issue Atwood appears to be raising on reply—"whether appellate fact-finding is an adequate substitute for consideration and findings by the state trial court[.]" *Id.* at *2. The short answer is yes. As more fully explained by Judge Proctor:

> Two Eleventh Circuit cases shed light on this question of whether appellate fact-finding is an adequate substitute for consideration and findings by the state trial court, *Tukes* . . . , and *Agee v. White*, 809 F.2d 1487 (11th Cir. 1987). Both of these opinions were written by Judge Kravitch and they illustrate the interrelationship between state-court findings and appellate review in the context of full and fair litigation under *Stone v. Powell*.
>
> In *Tukes*, the Eleventh Circuit concluded that the petitioner had not received a full and fair "consideration" (as distinct from a full and fair "opportunity to litigate") of his Fourth Amendment claim because the state trial court had made no explicit findings of fact and the appellate court had entered a summary affirmance without opinion. Judge Kravitch wrote:
>
>> The trial court's failure to make explicit findings on matters essential to the Fourth Amendment issue, ***combined with the fact that the state appellate court issued only a summary affirmance***, precludes a conclusion in this case that the state

8

> provided a meaningful appellate review necessary to erect a *Stone v. Powell* bar to our review of the claim.

*Tukes v. Dugger*, 911 F.2d 508, 514 (11th Cir. 1990).

The opinion in *Tukes* was characterized as being a logical extension of the court's earlier decision in *Agee v. White*. There, the court found that *Stone v. Powell* precluded consideration of a Fourth Amendment challenge to one confession by the defendant but that it did not preclude consideration of a challenge to a second confession because the petitioner's claim relating to the second confession had been "ignored" by the state appellate court. In *Agee*, the defendant received a full evidentiary hearing on his motion to suppress the two confessions and, on direct appeal, the Alabama Court of Criminal Appeals wrote an opinion finding the admission of the first confession to be harmless error. The Eleventh Circuit concluded that *Stone v. Powell* precluded consideration of a Fourth Amendment challenge to that confession because it had been fully and fairly litigated. It did not feel precluded from considering a Fourth Amendment challenge to a second confession, however, because "the Alabama Court of Criminal Appeals ignored this contention in its opinion."

The treatment of *Stone v. Powell* in the *Agee* opinion and the expressed language in *Tukes* indicates that a question about the fullness and fairness of consideration is raised **only when the state trial court makes no explicit findings of fact and there is no appellate opinion dealing with the Fourth Amendment claims**. The *Stone v. Powell* defense was rejected in *Tukes* because neither the state trial court nor the appellate court made findings of fact or wrote an opinion dealing with the Fourth Amendment claims. By contrast, in *Agee*, the Eleventh Circuit applied *Stone v. Powell* to one Fourth Amendment claim which was dealt with in an appellate opinion, but rejected it with respect to a second Fourth Amendment claim that had not been dealt with in the appellate opinion. The lesson to be learned, therefore, is that **even in the absence of explicit findings of fact by the trial court, an appellate opinion expressly dealing with the Fourth Amendment claim constitutes a full and fair consideration of the claim for Stone v. Powell *purposes***.

*Id.* at *2 (initial emphasis added by *Rainey* Court; subsequent emphasis added); *see also O'Berry*, 546 F.2d at 1213 n.13 (rejecting the "possible argument possible argument . . . that *Stone* requires **two tiers of state court consideration** of

9

Fourth Amendment claims in order to provide a check on the arbitrary exercise of power by a single state judge. A careful reading of *Stone* does not support this reasoning[ ] since it is obvious that the Supreme Court, whatever its views may have been in the past, is now confident that state judges are as capable of protecting federal constitutional rights as are federal judges." (citing 428 U.S. at 493 n.35) (emphasis added)).

Atwood, like Rainey,

> received a full evidentiary hearing before the Circuit Court . . . at which he was represented by counsel and at which he was given an opportunity to call witnesses material to his detention and search. While the trial court made no explicit findings of fact, its implied findings of fact can be deduced from its denial of the petitioner's motion to suppress. When the Fourth Amendment claim is then carefully considered in an opinion on direct appeal, as it was in this case, the *Stone v. Powell* test for a full and fair consideration has been met.

1992 WL 549133, at *3.

Thus, because Atwood's Fourth Amendment claim has been fully and fairly considered by the state courts, this federal court is barred from considering it pursuant to *Stone v. Powell*, and it is recommended that Atwood's petition be denied.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's

10

denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition/motion is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Inasmuch as this Court is clearly barred by *Stone v. Powell* from entertaining the instant petition/motion, a reasonable jurist could not conclude either that this Court is in error in denying it or that Atwood should be allowed to proceed further. *See Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."); *see also Mays v. Davenport*, Civil Action No. 10–0028–WS–M, 2011 WL

5910824, at *6 (S.D. Ala. Nov. 8, 2011) (recommending that a certificate of appealability not issue after concluding that, "[b]ecause Petitioner's claims relate solely to an alleged fourth amendment violation, and because these claims were fully litigated in State Courts, habeas corpus relief is not available" (relying on *Stone v. Powell*)), *report and recommendation adopted*, 2010 WL 5911338 (S.D. Ala. Nov. 28, 2011).

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[5]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV. Conclusion

For all of the reasons discussed above, the Magistrate Judge **RECOMMENDS** that Atwood's petition (Doc. 1) be **DENIED** and that the Court find that Atwood is not entitled to a certificate of appealability and is therefore not

---

[5] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.)

entitled to appeal *in forma pauperis*.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of January, 2014.

                                      */s/ Katherine P. Nelson*
                                      **KATHERINE P. NELSON**
                                      **UNITED STATES MAGISTRATE JUDGE**